IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THOMAS DALE MORGAN                                                                      PLAINTIFF

v.                                                                                      No. 2:09CV97-B-A

CORRECTIONS CORP.
OF AMERICA, INC., ET AL.                                                                DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Thomas Dale Morgan, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Morgan alleges that the defendants are failing to protect him by refusing to place him in protective custody. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Morgan was beaten severely by members of the Skin Head and Woods gangs on December 4, 2008, while housed in a Corrections Corporation of America ("CCA") facility in Eloy, Arizona. He cooperated with CCA officials in the investigation, causing him to receive the label of "rat" among the gang members. He sought, and eventually received, placement in protective custody – and thus also received the label "no good." The members of the two gangs have threatened to harm Morgan. Because of the conflict in Arizona between Morgan and the two gangs, he was moved to the Tallahatchie County Correctional Facility ("TCCF"), a CCA facility in Tutwiler, Mississippi. Morgan notified the TCCF staff about his conflict with the Woods and Skin Head gangs, and he was placed in Administrative Segregation pending an

investigation of his allegations.

Morgan believes that there are both Woods and Skin Head gang members in the general population of TCCF – and thus fears for his life and safety. He has not, however, identified the inmates he believes belong to these gangs. Morgan has been placed in Administrative Segregation, rather than Protective Custody, for an extended period, but he dislikes the more restrictive environment in Administrative Segregation. However, on June 4, 2009, Morgan was informed that he would be placed in general population because he could not identify any individual inmates who are a threat to him.

**Failure to Protect**

Morgan claims that the defendants are putting him at grave risk of serious injury or death by refusing to place him in protective custody housing. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference is the proper standard for evaluating a failure to protect claim. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). To meet this standard, Morgan must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

The defendants have not ignored Morgan's allegations that other inmates pose an excessive risk to his health or safety. Instead, they investigated and found that Morgan did not provide them with sufficient information to justify his placement in protective custody. Morgan

made his situation known to prison officials, who immediately placed him in individual housing (Administrative Segregation) and conducted an investigation into his allegations. The officials informed Morgan that in order for him to be kept apart from inmates who might harm him, he must first identify which inmates wish him harm. Although this situation is not ideal for Morgan, it appears to be the best that the facility can do under the circumstances. Prisons cannot always identify which inmates belong to the various gangs, and the gang affiliations of inmates is information usually kept out of the hands of other inmates – for valid security reasons. Indeed, many prisons have a dedicated unit used to investigate gangs and quell gang violence. Thus, even if TCCF officials knew precisely which inmates belonged to the two gangs which have threatened Morgan, they could not tell him for fear that the information would spread through the prison. Such information in the wrong hands could well spark further gang violence. Generally, the best person to identify threats to an inmate is the inmate himself. If Morgan knows which specific inmates are a threat to him, he should identify them so that TCCF officials can protect him from them. If he cannot identify those individual inmates who are a threat to him, then the prison officials at TCCF may place him in the general prison population, as planned.

For these reasons, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of June, 2009.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE