# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**THOMAS DALE MORGAN**                                                **PLAINTIFF**

**v.**                                                           **No. 2:09CV97-B-A**

**CORRECTIONS CORP.**
**OF AMERICA, INC., ET AL.**                                      **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Thomas Dale Morgan, a California inmate (housed in a privately run prison in Mississippi) who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Morgan seeks [20], [24] a preliminary injunction directing the defendants to keep him segregated from other inmates at the Tallahatchie County Correctional Facility – as well as other relief. For the reasons set forth below, the motions [20], [24] for a preliminary injunction will be dismissed as moot.

### Factual Allegations

According to the plaintiff, California prisons have several classifications of prison exercise yards: Hard Yards, Soft Yards, Honor Yards, and Special Needs Yards. Hard Yards house inmates who hold a high degree of racial animosity, who participate in extremely violent gang activity, and who participate in "prison politics." Soft Yards are for inmates willing to adopt a peaceful prison existence and get along with other inmates – and who have had little or no gang activity. Honor Yards are for inmates who participate in no "prison politics" whatsoever, who respect everyone (including guards and staff members). Interracial mingling is

possible in an Honor Yard, and assaults almost never happen there.  Special Needs Yards are protective custody compounds for transgender inmates, sexual deviants, and inmates otherwise difficult to place (such as informants and former law enforcement officers).

Once an inmate is placed in a Soft Yard, Special Needs Yard, or Honor Yard, he cannot return to a Hard Yard without being victimized, attacked or killed.  Prison gangs control the inmates in most General Population facilities.  Morgan was housed on a "Soft Yard" for several reasons:  (1) he is not a gang member, (2) he is interracially married, (3) he has suffered at the hands of both the Woods and Skin Head gangs, which are white supremacist in nature, and (4) he is considered effeminate and soft in nature.

Morgan was transferred to California's out-of-state prison program to the Corrections Corporation of America facility in Eloy, Arizona, where he received threats from Hard Yard inmates because of his previous placement in a Soft Yard.  Morgan informed the prison staff of the threat and identified the aggressors, who were then moved to a different compound.  Morgan then received orders to move into the compound housing his attackers.  The order was canceled, but Morgan was nonetheless moved into the compound, where he was attacked and badly beaten.  He identified most of his attackers and was placed on administrative segregation on December 4, 2008.

He was transferred to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, on May 7, 2009.  Morgan immediately informed prison staff of his safety concerns and was placed in administrative segregation pending investigation of his claims.  On June 4, 2009, he received orders to move to the general population.  He refused due to fear for his safety.  He has received several rule violations arising out of his refusal to enter the general population.

Morgan remained in administrative segregation until his transfer once again to the Corrections Corporation of America facility in Eloy, Arizona.

## Injunctive Relief Sought

Morgan requests the following forms of relief:

(1)     That he receive periodic review of his confinement;

(2)     That the Classification Committee cease all actions regarding Morgan until this case is resolved;

(3)     That the defendants cease all attempts to remove Morgan from the Tallahatchie County Correctional Facility and its Administrative Segregation unit, "H-20." Morgan is worried that his refusal to enter the general population will lead to his placement in a facility with much higher security and more hardened inmates;

(4)     That the defendants permit Morgan to use the telephone at the Tallahatchie County Correctional Facility in accordance with privilege group "B" as determined by the Administrative Segregation Supervisor;

(5)     That the defendants prevent the mail room from intercepting legal writing materials, pens, pencils, envelopes, paper, and stamps;

(6)     That the defendants continue to provide Morgan with meaningful access to the law library at the Tallahatchie County Correctional Facility;

(7)     That the defendants continue to provide Morgan with medical treatment as directed by the Tallahatchie County Correctional Facility medical staff; and

(8)     That the medical staff reevaluate Morgan's special needs diet.

## Standard of Review for a Preliminary Injunction

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is an extraordinary remedy, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

## Discussion

Thomas Dale Morgan has been transferred from the Tallahatchie County Correctional Facility – the prison in which the alleged violations occurred – to a Corrections Corporation of

America facility in Eloy, Arizona. As such, his claims for injunctive relief based upon conditions at the Tallahatchie County Correctional Facility have become moot. *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir.1991) (transfer of prisoner renders injunctive relief moot). In addition, a claim for relief based upon the possibility of transfer back to the Tallahatchie County Correctional Facility is too remote and speculative to warrant relief. *Bailey v. Southerland,* 821 F.2d 277, 279 (5th Cir.1987). For these reasons, the instant motions [20], [24] for a preliminary injunction will be dismissed as moot. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 23rd day of April, 2010.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE