**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Thomas Dale Morgan,<br><br>    Plaintiff,<br><br>vs.<br><br>Corrections Corporation of America, et al.,<br><br>    Defendants. | No. CV 10-1584-PHX-PGR<br><br>**ORDER ON PLAINTIFF'S**<br>**IN FORMA PAUPERIS STATUS** |

Plaintiff Thomas Dale Morgan brought this civil rights action under 42 U.S.C. § 1983 against the Corrections Corporation of America and several of its officials. (Doc. 1.) On September 24, 2011, the Court, finding that Plaintiff's claims were moot and/or unexhausted, granted Defendants' Motion to Dismiss and entered judgment against Plaintiff. (Docs. 109–10.) Thereafter, Plaintiff filed a timely Notice of Appeal. (Doc. 111.) On October 18, 2011, the Ninth Circuit issued a Referral Notice directing the Court to determine whether Plaintiff's in forma pauperis (IFP) status should continue for his appeal or whether the appeal is frivolous or taken in bad faith. (Doc. 114.)

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Not taken in good faith" means "frivolous." *See Ellis v. United States*, 356 U.S. 674, 674–75 (1958); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (appellant permitted to proceed IFP on appeal only if appeal would not be frivolous). If the district court denies IFP status on appeal, it must provide written reasons for the denial. Fed. R. App. P. 24(a)(2).

The Court concludes that an appeal would be frivolous because Plaintiff has presented nothing to rebut Defendants' evidence of nonexhaustion. In its Order dismissing the action, the Court determined that Defendants met their burden of demonstrating Plaintiff's failure to exhaust his claims as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 109.) Specifically, with respect to Plaintiff's "transport injury" claim, the Court found that Plaintiff did not "defeat Defendants' evidence of an available administrative remedy." (*Id.* at 13.) With respect to the "soft yard policy" claim, Plaintiff has not refuted evidence that he failed to complete the administrative appeal process before filing this action. (*Id.*) Finally, with respect to his deliberate indifference allegation relating to the 2008 assault, Plaintiff has not rebutted the Defendants' evidence that he failed to "put prison officials on notice" of the claim. (*Id.* at 16.)

Accordingly,

IT IS ORDERED certifying that Plaintiff's appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). Plaintiff's IFP status is hereby revoked.

DATED this 9th day of November, 2011.

Paul G. Rosenblatt
United States District Judge